Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5070 | **DATE** | 9/13/2001 |
| **CASE TITLE** | FLEET BUSINESS CREDIT CORP. vs. SUN COUNTRY AIRLINES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendant's motion to dismiss for lack of personal jurisdiction and improper venue [10-1] is denied. Defendant's motion to transfer venue to the United States District Court for the District of Minnesota is granted [10-2].

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 1 4 2001 | 16 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 SEP 13 PM 5: 42 | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FLEET BUSINESS CREDIT CORPORATION, )
a Delaware corporation, )
)
Plaintiff, )
) No. 01 C 5070
v. )
)
SUN COUNTRY AIRLINES, INC., ) Judge John W. Darrah
a Minnesota corporation, )
)
Defendant. )

**DOCKETED**
SEP 1 4 2001

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendant Sun Country Airlines' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, Motion to Transfer Venue. For the reasons states herein, Defendant's Motion to Dismiss is DENIED, and Defendant's Motion to Transfer Venue is GRANTED.

## BACKGROUND

The Plaintiff is a Delaware corporation, having its principal place of business in Chicago, Illinois. The Defendant is a Minnesota corporation, having its principal place of business in Mendota Heights, Minnesota. Defendant provides daily flights to and from O'Hare International Airport in Chicago, Illinois.

On October 5, 2000, the Plaintiff entered into an Aircraft Purchase and Sale Agreement with SCA Services, Inc. ("SCA"). In this agreement, the Plaintiff agreed to sell, and SCA agreed to purchase, two McDonnell Douglas DC 10-15 aircraft along with two spare engines for these planes. This litigation concerns only one of the McDonnell Douglas DC 10-15 aircrafts and one of the spare

16

engines (the "Equipment"). The total purchase price for the Equipment was 8 million dollars. SCA paid the Plaintiff 6 million for the Equipment at the time of closing and the remaining 6.4 million dollars was paid with funds that the Plaintiff provided to SCA pursuant to a Loan Agreement and Note ("Loan Agreement"). Under the terms of the Loan Agreement, SCA agreed to repay the loan in full to the Plaintiff by May 5, 2001.

Immediately after the purchase, SCA leased the Equipment to the Defendant, Sun Country Airlines, Inc., pursuant to an Aircraft Lease Agreement ("Lease Agreement") entered into on October 5, 2000. Section 23.1 of the Lease Agreement provides that the terms and conditions of the lease are valid and binding upon the lessor and lessee and their respective successors and assigns and shall inure to the benefit of the lessor, lessee, each lender and their respective successors, and permitted assigns. Section 26.5 of the Lease contains a forum selection clause which states, in pertinent part, "Each of Lessor and Lessee hereby expressly submits to the exclusive jurisdiction of the state and federal courts of the state of Minnesota, and hereby irrevocably waives any objection which it may now or hereafter have to the laying of venue in any suit ... brought in any court located in the State on Minnesota and irrevocably waives any claim that any such suit ... has been brought in an inconvenient form."

SCA also entered into an Aircraft Mortgage and Security Agreement with Fleet to secure its obligations under the Loan Agreement and Note. Under the terms of the Security Agreement, SCA pledged the Equipment and all proceeds of the Lease as collateral for the loan.

SCA defaulted in its obligations under the Loan Agreement by failing to repay the Plaintiff the entirety of the 6.4 million dollars owed to it by the payment due date of May 2, 2001, as specified in the Loan Agreement. Pursuant to the Lease Agreement and the Security Agreement, the Plaintiff

claims to have full power of attorney to institute any proceedings it deems appropriate in its name or in the name of SCA to collect all monies due or to become due in the event of a default.

On May 8, 2001, the Plaintiff exercised its rights under the Security Agreement by stepping into the place of SCA and made a demand upon the Defendant for the amounts it owed under the terms of the Lease. The Defendant failed to respond to the Plaintiff's demand of May 8, 2001, and defaulted in payment of the amounts it owed under the Lease.

Section 18.2(c)(ii) of the Lease provides that upon the occurrence of a default in payment and pursuant to written notice, the Defendant shall pay on the date specified in the written notice, as liquidated damages for the loss of the bargain: (1) any unpaid basic rent due prior to the payment date specified in the notice; plus (2) an amount equal to the excess, if any, of the Stipulated Loss Value of the Equipment over the fair market sales value of the Equipment as of the payment date specified in the notice.

On May 15, 2001, the Plaintiff sent to the Defendant a written notice demanding, as liquidated damages, all unpaid basic rent due as of the date of the notice, along with interest on the unpaid basic rent at the overdue rate specified in the Lease, and an amount equal to the excess, if any, of the Stipulated Loss Value over the fair market sales value of the Equipment as of June 1, 2001. The Plaintiff demanded that the Defendant submit these payments on or before June 1, 2001. The Defendant failed to pay the Plaintiff the amounts specified and demanded in the May 15, 2001 notice, and the Plaintiff filed this suit.

Now, the Defendant moves to dismiss this suit on the basis that this court lacks personal jurisdiction and improper venue, or, in the alternative, the Defendant moves to transfer this case to the United States District Court for the District of Minnesota based upon considerations of

convenience and interests of justice.

## DISCUSSION

### A. Motion to Dismiss for Lack or Personal Jurisdiction and Improper Venue

The Defendant claims that this court lacks personal jurisdiction over the Defendant and that this court is not a proper venue for this action. The Defendant claims that it is not subject to personal jurisdiction in this court under the Illinois long arm statute nor does it have sufficient minimum contacts with Illinois to permit this court to exercise personal jurisdiction over it consistent with due process requirements.

Plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction. When the court rules on a motion to dismiss based on lack of personal jurisdiction without an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff. *See Michael J. Neuman & Assoc. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994); *In re Cardizem*, 105 F. Supp. 2d 618, 671 (E.D. Mich. 2000).

When a case, such as this one, is before a court on the basis of diversity jurisdiction, a federal district court in Illinois may exercise personal jurisdiction over a non-resident defendant only if an Illinois state court would have personal jurisdiction. *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992) (*Dehmlow*). The Illinois long-arm statute provides that a defendant is subject to the jurisdiction of its courts if the cause of action arises from several specified acts, including "doing business" in Illinois. 735 ILCS 5/2-209(a)(1). The statute also provides that an Illinois court may exercise jurisdiction on any basis permitted by the state or federal constitution. 735 ILCS 5/2-209(c). Therefore, the statute authorizes the exercise of personal jurisdiction by the Illinois courts to the fullest constitutional limit, and the statutory analysis collapses into a due process inquiry; whether

4

the defendant engaged in any of the acts enumerated in the long-arm statute need not be considered by the court. *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Partnership*, 34 F.3d 410, 411 (7th Cir. 1994); *Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 834 (N.D.Ill. 2000); *LaSalle National Bank v. Vitro*, 85 F. Supp. 2d 857, 860 (N.D.Ill. 2000).

A court's jurisdiction over a defendant will satisfy federal due process if a nonresident defendant has "minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 580 (7th Cir. 1994), quoting *International Shoe v. Washington*, 326 U.S. 310, 316 (1945). The standard for determining what constitutes minimum contacts in each case depends on whether the personal jurisdiction asserted is specific or general. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). Specific jurisdiction requires a showing of minimum contacts with the forum state, and general jurisdiction requires a showing that the defendant performed "substantial" or "continuous and systematic" activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-16 (1984) (*Helicopteros*).. In this case, the Plaintiff has established that this court has general jurisdiction over the Defendant.

In determining whether general personal jurisdiction exists, a court looks to a defendant's additional activities with the forum state beyond those related to the cause of action. *Dehmlow*, 963 F.2d at 947 n.6. A defendant with extensive contacts in a state can be subject generally to the personal jurisdiction of that state's courts. *Helicopteros*, 466 U.S. at 414. A finding that a non-resident defendant is doing business in Illinois so as to maintain a presence here subjects him to personal jurisdiction of Illinois courts for all matters. *Aetna Cas. & Sur. Co. v. Crowther, Inc.*, 581 N.E.2d 833, 835 (Ill. App. Ct.1991). In order to have general jurisdiction, the business activities of

the defendant cannot be inadvertent, trivial or sporadic; they must be intentional, substantial and continuous. *Asset Allocation & Management Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 570 (7th Cir. 1989). "Doing business" in Illinois has been defined as a corporation engaging in a "regularity of activities" in Illinois. *Neuman & Assoc. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7thCir. 1994).

In the instant case, the Defendant is subject to the general jurisdiction of this court. Defendant admits that it is a commercial airline that provides daily passenger service into and out of O'Hare International Airport in Chicago. Defendant does not deny that it has been conducting these flights to O'Hare for at least five years. Instead, Defendant argues jurisdiction is not proper because Fleet's claims do not arise out of this forum-related activity. However, general personal jurisdiction can exist based on a defendant's additional activities with the forum state beyond those related to the cause of action. *Dehmlow*, 963 F.2d at 947 n.6. Conducting flights in and out of Illinois every day for five years is a business activity that is intentional, substantial and continuous. The fact that the flights occur daily is evidence that the Defendant is a corporation that engages in a regularity of activities in Illinois. These flights constitute continuous and systematic contacts with Illinois in which the Defendant maintains a presence here. Thus, these activities subject the Defendant to the personal jurisdiction of Illinois courts for any matter.

The Defendant also argues that venue is improper in this court. 28 U.S.C. §1391(a) provides, in pertinent part, "a civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state." 28 U.S.C. §1391(a)(1). 28 U.S.C. §1391(c) provides in pertinent part, "for purposes of venue under this chapter, a defendant that is a corporation

corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. §1391 (c).

As discussed above, the Defendant is subject to general personal jurisdiction in this Court, and it is deemed to reside in this district; therefore, venue is proper in this court under §1391 (a)(1) when read with § 1391(c).

**B. Motion to Transfer Venue**

The Defendant also filed, in the alternative, a motion for transfer of venue pursuant to 28 U.S.C. §1404. The Defendant argues that this case should be transferred to the United States District Court for the District of Minnesota based upon considerations of convenience and interests of justice. The Defendant also points out that the Plaintiff, through this cause of action, seeks to enforce the Lease Agreement in the place of SCA pursuant to its power of attorney rights and that the Lease Agreement contains a forum selection clause in which the agreed upon forum for all disputes is Minnesota.

Historically, forum selection clauses have been disfavored by courts because they tended to oust a court's jurisdiction. *M.S. Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9 (1972) *(Bremen)*. In *Bremen*, the Supreme Court abandoned this rationale and held that forum selection clauses should control unless there is a strong showing that it should be set aside. *Bremen*, 407 U.S. at 15. In following the rule set out in *Bremen*, the Seventh Circuit has stated, "absent a showing that trial in the contractual forum will be so gravely difficult and inconvenient that the party challenging the clause will for all practical purposes be deprived of his day in court ... there is no basis for concluding that it would be unfair, unjust or unreasonable to hold that party to his bargain." *Heller Financial, Inc., v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1291 (7th Cir. 1989) (Heller), quoting

7

*Bremen*, 407 U.S. at 18. "Where forum selection clauses have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process." *Heller*, 883 F.2d at 1291, quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985). The *Heller* court also held that a valid forum selection clause may waive a party's right to assert his own inconvenience as a reason to transfer a case, but district courts still must consider whether the interests of justice or the convenience of the witnesses require transferring a case. *Heller*, 883 F.2d at 1293.

In the instant case, the Defendant is correct in asserting that, if the Plaintiff is taking the place of SCA to enforce the provisions of the Lease Agreement, it is bound by the forum selection clause as indicated in Section 23.1 of the Lease Agreement. The Plaintiff has only the rights that SCA would have had if it was suing to enforce the Lease Agreement in its own name.

The forum selection clause in the Lease Agreement contains clear and unambiguous language that the Lessor and Lessee submit to the exclusive jurisdiction of the state and federal courts of Minnesota. There is no suggestion that the Lease Agreement was invalid or was entered into under fraud or misrepresentation and should not otherwise control.

In addition to the forum selection clause agreed upon by the parties, considerations of convenience and the interests of justice also support the District Court of Minnesota as the appropriate venue. The Lease Agreement was entered into in Minnesota, and the Equipment that is the subject of this suit is located in Minnesota. The Defendant also asserts that very few non-party witnesses will likely be necessary at trial. The Plaintiff did not offer any evidence to show that a trial in the contractual forum of Minnesota would be so gravely difficult and inconvenient to it that it will, for all practical purposes, be deprived of its day in court. It may be more inconvenient for the

Plaintiff to litigate this case in Minnesota as opposed to here in its home state of Illinois, but the Plaintiff has offered nothing to show that litigating this case in Minnesota would deprive it of its day in court. Furthermore, no evidence was shown to suggest that transferring this case would impede the interests of justice or cause inconvenience on any witnesses.

## CONCLUSION

For the reasons states above, the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue is DENIED. Defendant's Motion to Transfer Venue to the United States District Court for the District of Minnesota is GRANTED.

Dated: September 13, 2001

JOHN W. DARRAH
United States District Judge